IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2020 AUG 12 P 2: 53
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| F.J. HAWKINS, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: **2:20-cv-592** |
| v. | ) CV-20- |
| | ) JURY DEMAND |
| PLABON PETROLEUM, INC., | ) |
| Defendant. | ) |

# COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §1981 providing for injunctive and other relief against race discrimination in employment.

2. The plaintiff has filed his race discrimination case within four (4) years of the discriminatory treatment.

### II. PARTIES

3. Plaintiff, F.J. Hawkins, is a male African-American citizen of the United States and a resident of Eufaula, Alabama. At all times relevant to this lawsuit, the plaintiff has been employed by Defendant at its Eufaula, Barbour County, Alabama location.

4. Defendant, Plabon Petroleum, Inc., is an entity doing business in Alabama, and is subject to suit under 42 U.S.C. §1981.

1

### III.    CAUSE OF ACTION - RACIALLY HOSTILE WORK ENVIRONMENT PURSUANT TO 42 U.S.C. §1981

5.    The plaintiff re-alleges and incorporates by reference paragraphs 1-4 with the same force and effect as if fully set out in specific detail hereinbelow.

6.    Plaintiff has been discriminated against because of race, African-American, in that he has had been forced to work in a racially hostile work environment.

7.    Plaintiff began his employment with Defendant at the Beeline on Highway 431 in Eufaula in March 2019. Plaintiff stocks the cooler and works seven days a week for approximately 2 hours a day. Due to COVID, Plaintiff now works from 7:30-9:30 p.m. in lieu of his former hours of 9:00-11:00 p.m.

8.    Plaintiff usually works with MD (LNU), Store Manager/Supervisor.

9.    MD constantly refers to Plaintiff as "nigger" and "nigger faggot." A lot of these comments are in front of customers. MD uses "nigger" to refer to Plaintiff several times a week (2-3 times a week).

10.   Some examples of MD's comments that Hawkins has heard are as follows:

* Customers will come into the store and speak with Plaintiff while he is working. When they go up to the cash register, MD will ask them if they were talking to that "nigger faggot." They will all start laughing at this. This has happened quite often.

* When customers see Plaintiff outside of the store, they will joke with him and call him "nigger faggot" because of MD's comments.

* Once Plaintiff's jacket, that he would wear into the cooler, went missing. He asked MD about this. MD was irritated by Plaintiff asking about the jacket, told him he didn't have the jacket and asked him "why do you keep messing with me you "nigger SOB." This incident happened in April/May 2020.

* When Plaintiff first started working and was learning how to stock the cooler,

he was not as fast as he is today because he was learning. MD told him "nigger what is wrong with you? If you don't get the stuff on the shelves then that means no sell. Have to put the stuff on the shelves where the customers can get to it, you son of a bitch."

* When African-American customers come in and pay with change, MD gets mad. He says these "MFs" and/or "niggers" come in with all the pennies. Plaintiff said, what's wrong? It's still money. MD said - "these niggers know better than to bring all of these pennies in here, I know they have dollars." MD has said this about multiple people.

* When African-American customers come in from working at the chicken plant, they sometimes have their pants pulled low. MD says "these nigger SOBs come in with pants down; these niggers know better." Also sometimes says "these crazy-ass niggers come in with their pants down."

* One time an African-American couple came in to buy beer and it was almost closing time. MD argued with them about it being almost closing time. Then the man had to go back out to the car to get money. MD referred to them as SOBs and MFs in front of Plaintiff.

* A few times, Plaintiff has seen customers try to pump gas before paying for it. If they are African-American, MD will go off and say "look at that nigger." MD will cut the pump off, then the customer has to come in to get the pump turned on. MD says that "I ain't cutting the pump on for these niggers."

* Once Plaintiff dropped a beer bottle and it broke. MD yelled at him and said "you son of a bitch nigger, you can't be doing this. Nigger you want a job, you've got to tighten up and not be dropping my shit."

* One time Someone messed up a bathroom. MD asked Plaintiff if he cleaned up the bathroom good. Plaintiff said yes. MD went into the bathroom and saw something. He said to Plaintiff, "nigger you are supposed to be cleaning." Just kept on saying nigger this/nigger that.

* When the issue of giving Plaintiff a raise was brought up by the owner, MD said "not that nigger."

11. Plaintiff complained about the way MD spoke to him to the owner Mr. Islam. Mr. Islam asked him if he ever saw Roanna, another African-American employee, and Plaintiff said no.

That was the extent of the conversation. This conversation took place around Valentines Day 2020. MD's racial harassment of Plaintiff continued after this conversation with Mr. Islam.

12. No one ever gave Plaintiff a copy of a harassment policy or a handbook. He does not know if the company has a harassment policy or handbook.

13. The harassment which Plaintiff has been subjected to was unwelcome, based on his race, and was severe or pervasive so that it affected the terms and conditions of his employment.

14. As described above, Plaintiff was subjected to harassment by his supervisor and Defendant is liable for such harassment.

15. Plaintiff complained about the racial harassment to the owner of the company but no corrective action was taken and the harassment continued.

16. Based on Defendant's conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

17. Defendant's actions were willful, with malice, and with reckless disregard of Plaintiff's rights.

18. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by 42 U.S.C. §1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate 42 U.S.C. §1981.

3. Enter an order requiring Defendant to make Plaintiff whole by awarding him punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

Kevin W. Jent
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
     FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
205/254-1500 (fax)

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES.

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
Serve via Certified Mail

**Plabon Petroleum, Inc.
c/o SM Mon Islam, Registered Agent
3409 Atlanta Highway
Montgomery, Alabama 36109**